UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ABDUL WAHEED MOHAMMED,<br><br>Plaintiff,<br><br>vs.<br><br>WADE ANDERSON, Jail Captain, Pennington County Jail, official capacity; CASEY MUNSCH, Jail Captain, Pennington County Jail, official capacity; TAYLOR MUHLBEIER, Jail Lieutenant, Pennington County Jail, official capacity; ANDY DIRO, Religious Accommodation Officer, Pennington County Jail, official capacity; COREY BRUBAKKEN, Jail Commander, Pennington County Jail, official capacity; and KATHLEEN HOUSTON, Jail Lieutenant, Pennington County Jail, official capacity,<br><br>Defendants. | 5:26-CV-05006-RAL<br><br>ORDER DENYING MOTION FOR INJUNCTION AS MOOT AND ADDRESSING REMAINING MOTIONS |

Plaintiff Abdul Waheed Mohammed, an inmate at the Pennington County Jail, filed a pro se prisoner civil rights lawsuit. Doc. 1. This Court granted Mohammed's motion for leave to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service in part. Doc. 16.

## I.    Motion for Temporary Restraining Order

Mohammed filed a "Motion for Temporary Restraining Order" alleging that the defendants were denying him religious accommodations during Ramadan. Doc. 13. Mohammed alleged that "Defendent's [sic] are being vindictive and intimidating by not providing Ramadan Accommodation, mostly the diet[,]" and that he "had made multiple request [sic] to make changes, specially [sic] on Religious diet and Calories intake." Id. at 1. Though declining to issue a

temporary restraining order based on Mohammed's original pleadings, this Court ordered the Pennington County Jail defendants to respond to Mohammed's motion for a temporary restraining order within 14 days of service, allowing consideration of whether a preliminary injunction should issue under Federal Rule of Civil Procedure 65(a). Doc. 16 at 16. The defendants have responded. Doc. 24.

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions, and courts evaluate whether a preliminary injunction should issue by weighing the factors outlined in Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc).[1] Undertaking such an analysis here, however, is not necessary because the issues surrounding Mohammed's request for injunctive relief are now moot.

"[F]ederal courts are courts of limited jurisdiction[.]" United States v. Afremov, 611 F.3d 970, 975 (8th Cir. 2010) (en banc). "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." Ali v. Cangemi, 419 F.3d 722, 723 (8th Cir. 2005) (quoting Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000)); see also U.S. Const. art. III, § 2, cl. 1. "When . . . the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." Id. (citation modified). "If an issue is moot in the Article III sense, [courts] have no discretion and must dismiss the action for lack of jurisdiction." Id. at 724.

---

[1] As this Court noted in its previous order, the four Dataphase factors include: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on the other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest." Dataphase, 640 F.2d at 114; see also Doc. 16 at 16 n.3.

2

This Court cannot grant effective relief at this time because enjoining the defendants' actions during Ramadan no longer benefits Mohammed given that the Ramadan holiday ended as of March 19, 2026. See Arc of Iowa v. Reynolds, 33 F.4th 1042, 1044–45 (8th Cir. 2022) (per curiam) (vacating preliminary injunction as moot); Doc. 24 at 2. Therefore, this Court denies Mohammed's motion for a temporary restraining order, Doc. 13, and declines to issue a preliminary injunction because the issues surrounding Mohammed's request for a temporary restraining order are now moot. Whether Mohammed's claims have merit is for a future decision.

## II.    Additional Motions

Mohammed filed a "Motion for Court Ordered Mediation to assist the parties in communicating their positions and rationale, in an effort to find common ground and to reach an agreement." Doc. 9 at 1. This Court does not order parties to participate in mediation unless they somehow have a contract requiring mediation prior to suit. See Hicks v. Renner, No. 4:23-CV-04121-CCT, 2025 WL 843708, at *7 (D.S.D. Mar. 18, 2025). Mohammed's motion for court-ordered mediation, Doc. 9, is denied.

Mohammed also filed a second motion for leave to proceed in forma pauperis. Doc. 15. Because this Court granted Mohammed's first motion to proceed in forma pauperis, see Docs. 2, 16 at 1–2, Mohammed's second motion to proceed in forma pauperis, Doc. 15, is denied as moot.

## III.    Conclusion

Accordingly, it is

ORDERED that Mohammed's motion for a temporary restraining order, Doc. 13, is denied as moot. The Court declines to issue a preliminary injunction. It is further

ORDERED that Mohammed's motion for court-ordered mediation, Doc. 9, is denied. It is finally

ORDERED that Mohammed's second motion to proceed in forma pauperis, Doc. 15, is denied as moot.

DATED April _3rd_, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

4