UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ABDUL WAHEED MOHAMMED, | 5:26-CV-05006-RAL |
| Plaintiff, | |
| vs. | ORDER ON PLAINTIFF'S PENDING MOTIONS (DOCS. 14, 27, 30, 32) |
| WADE ANDERSON, Jail Captain, Pennington County Jail, official capacity; CASEY MUNSCH, Jail Captain, Pennington County Jail, official capacity; TAYLOR MUHLBEIER, Jail Lieutenant, Pennington County Jail, official capacity; ANDY DIRO, Religious Accommodation Officer, Pennington County Jail, official capacity; COREY BRUBAKKEN, Jail Commander, Pennington County Jail, official capacity; and KATHLEEN HOUSTON, Jail Lieutenant, Pennington County Jail, official capacity, | |
| Defendants. | |

Plaintiff Abdul Waheed Mohammed filed a pro se prisoner civil rights lawsuit. Doc. 1. When he commenced this action, Mohammed was an inmate at the Pennington County Jail, id. at 1, but he notified this Court that he is now an inmate at the Winner City Jail, Doc. 35. This Court granted Mohammed's motion for leave to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service in part. Doc. 16. Defendants have answered Mohammed's complaint. Doc. 29. Mohammed has filed various motions, which this Court now considers. Docs. 14, 27, 30, 32.

## I.    Motion for Leave to File Supplemental Complaint (Doc. 14)

As this Court was finalizing its § 1915A screening order, Mohammed filed a "Motion to Include/Accept Count III for Legal Mail[.]" Doc. 14 at 1. Mohammed seeks leave to add a count

to his initial complaint alleging that some of the defendants interfered with his ability to send mail to his attorney after this lawsuit was commenced. See generally Doc. 14-1. Thus, this Court liberally construes Mohammed's motion as a motion for leave to file a supplemental complaint. Federal Rule of Civil Procedure 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Supplemental pleadings "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." 6A Wright & Miller's Federal Practice & Procedure § 1504 (3d ed. 2010); see also United States v. Vorachek, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam) (stating that a supplemental pleading "is designed to cover matters subsequently occurring but pertaining to the original cause" (internal quotation omitted)). Supplemental pleadings require leave of court under Rule 15(d). Wright & Miller, § 1504. "[B]oth a motion of a party, and leave of court are required as a prerequisite to the service and filing of supplemental pleadings." 3 Moore's Federal Practice § 15.30 (3d ed. 1997). Whether to grant leave to file a supplemental pleading is left to the sound discretion of the trial court, and such decision will not be disturbed on appeal absent an abuse of discretion. Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co., 284 F.2d 478, 481 (8th Cir. 1960).

This Court ordered that Mohammed's motion for leave to file a supplemental complaint and proposed supplemental complaint be served on defendants. Doc. 16 at 18. Defendants have not responded to Mohammed's motion for leave to file a supplemental complaint, and their time for doing so has expired. See generally D.S.D. Civ. LR 7.1(B). Although Mohammed's motion

2

for leave to file a supplemental complaint is unopposed, this Court will screen the proposed supplemental complaint under 28 U.S.C. § 1915A.[1]

In his supplemental complaint, Mohammed alleges that on March 4, 2026, he was denied the right to send legal mail to his attorney. Doc. 14-1 at 2, 3, 6. Specifically, Mohammed placed 2255 petition paperwork in a large, legal-sized envelope because it did not fit in a standard envelope. Id. at 6. Mohammed obtained the legal-sized envelope from the commissary. Id. at 2, 4. The legal mail was returned to Mohammed. Id. at 2. When responding to Mohammed's grievance and appeal, defendants Muhlbeier and Munch informed Mohammed that the jail provides regular sized envelopes for indigent inmates to send legal mail and that Mohammed was required to place the contents in a regular size envelope or to pay for the postage for the legal sized envelope. Id. at 2, 3, 4. Mohammed contends that "[i]nmate's [sic] should be able to send large envelope size to court or counsel's [sic], without paying postage[.]" Id. at 7. Mohammed alleges that his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights have been violated. Id. at 1, 6.

Although "the basis of the constitutional right of access to the courts" is "unsettled[,]" Christopher v. Harbury, 536 U.S. 403, 415 (2002), "[t]he Constitution guarantees prisoners a right to access the courts[,]" White v. Kautzky, 494 F.3d 677, 679 (8th Cir. 2007). It is well established that indigent inmates must be provided paper and pen to draft legal documents and postage to mail them. Bounds v. Smith, 430 U.S. 817, 824–25 (1997).

In Smith v. Erickson, 884 F.2d 1108 (8th Cir. 1989), the United States Court of Appeals for the Eighth Circuit held that a district court had erred when dismissing an access-to-the-courts

---

[1] When screening the proposed supplemental complaint, this Court applies the same legal standard the Court used when screening Mohammed's initial complaint. See Doc. 16 at 5.

claim very similar to Mohammed's claim for failure to state a claim upon which relief could be granted. According to the Eighth Circuit, Smith's pleadings could be fairly read to allege that a policy requiring indigent inmates to use for their legal correspondence only envelopes purchased from the prison canteen is facially unconstitutional. Id. at 1109. Here, Mohammed's proposed supplemental complaint can be fairly read to allege that the Pennington County Jail's policy or custom requiring that inmates use only regular-sized envelopes for indigent legal mail is facially unconstitutional. See generally Doc. 14-1. Although Mohammed does not specifically plead the existence of an unconstitutional policy or custom, a § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004) (citation omitted). The supplemental complaint alleges sufficient facts to establish that the requirement that inmates use standard business-sized envelopes when the jail pays the cost of legal mail is a jail policy or custom and not simply an isolated incident. See generally Doc. 14-1.

In Smith, the Eighth Circuit recognized that the facial validity of a prison regulation that impinges on an inmate's constitutional rights turns on whether the regulation is "reasonably related to legitimate penological interests." 884 F.2d at 1110 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). But a district court cannot consider and apply the Turner factors when the record contains no "indication from the prison officials as to the governmental interest served[.]" Id.; see also Braun v. Walz, No. 20-333 (DSD/BRT), 2021 WL 1171693, at *3–4 (D. Minn. Mar. 29, 2021) (denying defendants' motion to dismiss a prisoner's First Amendment claim arising out of the denial of certain publications because the claims "cannot be properly evaluated . . . under Turner because it is a 'fact-intensive universe' that requires a developed factual record." (quoting Holloway v. Magness, 666 F.3d 1076, 1079 (8th Cir. 2021))); Mason v. Johnston, No. 19-CV-

4

2597 (JRT/KMM), 2020 WL 7133201, at *12 (D. Minn. July 27, 2020), report and recommendation adopted, 2020 WL 5835223 (D. Minn. Sep. 30, 2020) (explaining that a Turner-type analysis requires a developed factual record that is not available at the motion to dismiss stage); Beaulieu v. Ludeman, No. 07-CV-1535 (JMR/JSM), 2008 WL 2498241, at *20 (D. Minn. June 18, 2008) (recognizing that analyzing the Turner factors at the motion-to-dismiss stage is premature). Thus, whether Pennington County Jail's policy or custom requiring that indigent inmates use regular-sized envelopes to send legal mail is reasonably related to legitimate penological interests is not an issue the Court can determine at this stage of the proceedings when the record is incomplete.[2]

In Smith, the plaintiff alleged that the policy he was challenging caused him to miss filing deadlines. 884 F.2d at 1110. To state a viable claim for denial of meaningful access to the courts, typically a plaintiff must allege facts demonstrating that he has suffered prejudice or actual injury as a result of the denied access. Lewis v. Casey, 518 U.S. 343, 349 (1996). To satisfy the actual injury requirement, "a plaintiff must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Casey, 518 U.S. at 353). However, courts have held that when "the deprivation is systematic, embracing the basic adequacy of materials and legal assistance made available to all . . . of the prison population, an inmate need not show actual injury to state a proper claim." Herschberger v. Scaletta, 861 F. Supp. 1470, 1476 (N.D. Iowa 1993) (citation modified) (alteration in original), aff'd, 33 F.3d 955 (8th Cir. 1994). Liberally construing the allegations in

---

[2] In a subsequent opinion considering whether the district court had properly granted the defendants' motion for summary judgment on Smith's prison-envelope-only policy, the Eighth Circuit held that the policy is not unconstitutional because it has "a logical connection to the asserted purposes of efficiency and security." Smith v. Erickson, 961 F.2d 1387, 1388 (8th Cir. 1992) (per curiam).

Mohammed's supplemental complaint, at this stage of the proceedings this Court cannot conclude that Mohammed has not alleged a systematic deprivation embracing the basic adequacy of materials and legal assistance made available to all Pennington County Jail inmates. Thus, Mohammed's access-to-the-courts claim against Anderson, Munsch, Muhlbeier, and Brubakken,[3] in their official capacities, survives screening, and his motion for leave to file a supplemental complaint, Doc. 14, is granted.

## II.    Motions for Appointment of Counsel (Docs. 27, 30)

Mohammed moves for appointment of counsel. Docs. 27, 30. He seeks appointment of counsel because English is not his first language, and he used a translator during a federal criminal proceeding. Id. He contends that one of the affidavits defendants submitted in opposition to his motion for temporary restraining order includes conflicting testimony. Id. When he filed his motions for appointment of counsel, Mohammed was incarcerated at the Pennington County Jail, which he describes as "Defendant's [sic] institution[.]" Id. Because he is incarcerated at defendants' institution, Mohammed contends that he has very limited ability to investigate his claims and to collect supporting evidence. Id. Finally, Mohammed contends that there is a "complexity of legal issue's [sic] with Defendant's [sic] Counsel, which [he] cannot resolve as Pro se." Doc. 30 at 1.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). The Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). When determining whether to appoint counsel to a pro se litigant, the Court considers the "factual

---

[3] According to the supplemental complaint, Diro and Houston were not involved in the denial of legal mail. Docket 14-1 at 6.

6

complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted).

Here, although Mohammed's filings may include spelling and grammatical errors, his filings clearly set forth his claims. The Court has not had difficulty identifying the nature of Mohammed's claims and factual allegations on which those claims are based even though English is not Mohammed's first language. Mohammed's claims are neither factually nor legally complex, and his motions for appointment of counsel do not identify any specific legal issue he has been unable to resolve with defendants' counsel. Additionally, while the Court understands that Mohammed's incarceration may limit, at least to some extent, his ability to investigate his claims, this Court is not inclined to appoint counsel based on conclusory allegations that a pro se plaintiff cannot investigate facts because he is incarcerated. There is no reason that Mohammed cannot serve interrogatories, requests for production of documents, and requests for admission while incarcerated. Mohammed has not identified any specific information or facts relevant to his claims that he cannot obtain through the discovery process because he is incarcerated. Although Mohammed contends that defendants submitted an affidavit in opposition to his motion for temporary restraining order that is internally inconsistent, Mohammed did not identify any specific inconsistencies, and the Court identified none when reviewing the affidavit. After considering all the relevant factors and for these reasons, this Court denies Mohammed's motions for appointment of counsel, Docs. 27, 30, at this time.

### III.    Motion for Leave to Amend (Doc. 32)

After receiving defendants' answer to his amended complaint, Mohammed filed a "Motion for leave to amend and lodge a proposed amended complaint, responding back to Defendants'

7

Answer to amended complaint[.]" Doc. 32. As defendants note in their response to Mohammed's motion, his motion "does not include an[y] new allegations requiring an amended pleading. Rather, the substance of [Mohammed's] motion takes issue with the factual assertions made in Defendants' filings to date." Doc. 33 at 2. Mohammed is not permitted to reply to defendants' answer unless the Court orders him to do so. Fed. R. Civ. P. 7(a)(7). This Court has not ordered Mohammed to reply to defendants' answer. Further, Mohammed's motion to amend does not comply with the District of South Dakota's Local Rules. D.S.D. Civ. LR 15.1 provides that "any party moving to amend or supplement a pleading must attach a copy of the proposed amended pleading to its motion to amend[.]" Because the Court has not ordered Mohammed to reply to defendants' answer, and Mohammed has not complied with LR 15.1, his motion to amend, Doc. 32, is denied. However, the denial of Mohammed's motion to amend does not preclude him at the appropriate time from presenting the facts and arguments included in his motion to amend and attachments to oppose any dispositive motion defendants may file or in support of any dispositive motion Mohammed may choose to file.

## IV.    Conclusion

Accordingly, it is

ORDERED that Mohammed's motion for leave to file a supplemental complaint against defendants Anderson, Munsch, Muhlbeier, and Brubakken in their official capacities, Doc. 14, is granted. In accordance with Fed. R. Civ. P. 15(d), this Court directs defendants Anderson, Munsch, Muhlbeier, and Brubakken to answer or otherwise respond to Mohammed's supplemental complaint within **21 days** of the date of this order. It is further

ORDERED that Mohammed's motions for appointment of counsel, Docs 27, 30, are denied. It is finally

ORDERED that Mohammed's motion for leave to amend, Doc. 32, is denied.

DATED July 22 , 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE