UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ABDUL WAHEED MOHAMMED, | 5:26-CV-05006-RAL |
| Plaintiff, | |
| vs. | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' DISCOVERY REQUESTS |
| WADE ANDERSON, Jail Captain, Pennington County Jail, official capacity; CASEY MUNSCH, Jail Captain, Pennington County Jail, official capacity; TAYLOR MUHLBEIER, Jail Lieutenant, Pennington County Jail, official capacity; ANDY DIRO, Religious Accommodation Officer, Pennington County Jail, official capacity; COREY BRUBAKKEN, Jail Commander, Pennington County Jail, official capacity; and KATHLEEN HOUSTON, Jail Lieutenant, Pennington County Jail, official capacity, | |
| Defendants. | |

Plaintiff Abdul Waheed Mohammed filed a pro se prisoner civil rights lawsuit. Doc. 1. When he commenced this action, Mohammed was an inmate at the Pennington County Jail, id. at 1, but he notified this Court that he is now an inmate at the Winner City Jail, Doc. 35. This Court granted Mohammed's motion for leave to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service in part. Doc. 16. After defendants served interrogatories and requests for production of documents, Mohammed filed a "Response" stating that he is no longer incarcerated at the Pennington County Jail and does not have access to the discovery requests that defendants served. Doc. 36 at 1. Mohammed requested an 180-day extension of time and appointment of counsel to respond to defendants'

discovery requests. Id. Defendants oppose an 180-day extension but have no objection to an extension of time until August 13, 2026. Doc. 37 at 1.

This Court has denied Mohammed's motions for appointment of counsel. Doc. 39 at 6–7. That defendants have served written discovery requests is not a reason to appoint counsel at this stage of the proceedings. Further, Mohammed has not set forth any specific facts to support his conclusory allegation that he is completely dependent on appointment of counsel to respond to defendants' discovery requests. Doc. 36 at 1

The record reflects that Defendants served discovery requests on Mohammed at the Pennington County Jail on June 12, 2026. Doc. 38 ¶ 1. On July 6, 2026, Mohammed filed a notice of change of address, which is dated June 26, 2026, informing the Court that he is now incarcerated at the Winner City Jail. Doc. 35. On July 21, 2026, Defendants' counsel mailed a copy of the discovery requests to Mohammed at the Winner City Jail. Doc. 38 ¶ 3.

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "the court may, for good cause, extend the time" for Mohammed to respond to defendants' discovery requests. Fed. R. Civ. P. 6(b)(1)(A). Here, Mohammed has demonstrated good cause for an extension of his time to respond. As noted above, it appears that Mohammed's receipt of the defendants' discovery requests may have been delayed because of Mohammed's change of address. Additionally, Mohammed is proceeding pro se and is incarcerated. He may require more than 30 days to respond because of these reasons. Accordingly, Mohammed's request for extension of time to respond to defendants' discovery requests, which were initially served on June 12, 2026, and then mailed to Mohammed at his new address on July 21, 2026, is granted in part. Mohammed's responses to these discovery requests must served on or before **August 31, 2026.**

Accordingly, it is

2

ORDERED that Mohammed's request for an extension of time to respond to defendants' discovery requests, Doc. 36, is granted in part. It is further

ORDERED that Mohammed's response to the discovery requests that were initially served on June 12, 2026, and then mailed to Mohammed at his new address on July 21, 2026, must be served on or before **August 31, 2026**.

DATED July 28ᵗʰ, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

3